UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAN PETERS,

    Petitioner,

v.

CASE NO. 6:11-cv-786-Orl-28DAB
6:09-cr-82-Orl-28DAB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Sean Peters. The Government filed a response (Doc. No. 16) to the section 2255 motion in compliance with this Court's instructions. Petitioner filed a reply to the Government's response (Doc. No. 24).

Petitioner alleges seven claims for relief. For the following reasons, the motion is denied.

### I. Procedural History

Petitioner was charged by indictment with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Criminal Case No. 6:09-cr-82-Orl-28DAB, Doc. No. 1).[1] Petitioner filed a motion to suppress the evidence found in his home, which the Court denied after an evidentiary hearing. *Id.* at Doc. Nos. 126, 127. A trial was conducted, and Petitioner was found guilty as charged. *Id.* at Doc. No. 131. The Court sentenced Petitioner

---

[1] Criminal Case No. 6:09-cr-82-Orl-28DAB will be referred to as "Criminal Case."

to a fifty-two month term of imprisonment. *Id.* at Doc. Nos. 110, 111. Petitioner appealed his sentence, and the Eleventh Circuit Court of Appeals affirmed the sentence. *Id.* at Doc. No. 139.

## II. Legal Standard

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claims One Through Four

In claim one, Petitioner contends that his Fifth and Fourteenth Amendment rights were violated because he was compelled to respond to questions during a joint administrative and criminal proceeding prior to the search of his home. In claim two, Petitioner asserts that the prosecution failed to disclose favorable evidence that Special Agent Wash conducted database queries to determine who lived at Petitioner's residence. Petitioner maintains in claim three that the prosecutor engaged in misconduct by (a) failing to redact statements made by Petitioner during the joint administrative and criminal proceeding, (b) allowing Special Agent Wash to falsely testify at trial that he used postal service records to determine who lived at Petitioner's residence, and (c) making improper statements attacking the defense's witnesses. In claim four, Petitioner argues that he was denied access to courts based on the jail's policy to restrict access to the law library to *pro se* litigants.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct appeal or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

"Ineffective assistance of counsel may constitute cause to excuse procedural default." *DiPietro v. United States*, 251 F. App'x 606, 608 (11th Cir. 2007) (citing *Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001)). "[T]o do so, however, the claim of ineffective assistance must have merit." *United State v. Nyhuis* 211 F.3d 1340, 1344 (11th Cir. 2000) (citing *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989)).

In the instant case, Petitioner asserts that counsel's failure to raise claim one constitutes cause and prejudice to excuse the procedural default. Claim five (a) of Petitioner's Section 2255 motion asserts a claim of ineffective assistance of counsel for failing to argue that Petitioner was compelled to respond to questions as a result of the joint administrative and criminal proceeding. With respect to claims two, three, and four Petitioner has not asserted or established cause and prejudice for his failure to raise these

4

claims on direct appeal nor has he demonstrated he is actually innocent.[3] The Court, therefore, considers whether claim one has merit so as to establish cause and prejudice to excuse the procedural default.

"The Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 316-17 (1976) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). Thus, "a witness protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant." *Lefkowitz v. Turley*, 414 U.S. 70, 78 (1973) (citing *Kastigar v. United States*, 406 U.S. 441 (1972). "Absent such protection, if he is nevertheless compelled to answer, his answers are inadmissible against him in a later criminal prosecution." *Id.*

In the instant case, Petitioner contends that he was forced by threat of employment sanctions into telling the police that he had a roommate, who had unrestricted access to Petitioner's property, as well as, the location of the computer equipment and the floor plan of the house. Petitioner maintains that the evidence derived as a result of his statements was subject to suppression.

---

[3]Alternatively, the Court notes that claims two, three, and four are without merit.

Special Agent Wash, Randy Mean, the Director of Administration and Investigation for the Office of the State Attorney of the Ninth Judicial Circuit of Florida, and Abbe Radke, Petitioner's Detective Supervisor, submitted affidavits concerning this claim. Special Agent Wash attested that Petitioner was asked to answer questions about the investigation prior to the search, but Petitioner refused to do so and did not make any incriminating statements. (Doc. No. 16-2.) Director Means attested that he heard Special Agent Wash read Petitioner his *Miranda* rights and heard a brief conversation regarding the key to Petitioner's residence. (Doc. No. 16-1.) Detective Radke attested that she told officers prior to the search of Petitioner's residence that she thought Petitioner had a roommate and she heard officers ask Petitioner if he had a roommate or if there was anyone in his home at that time. (Doc. No. 16-3.) Detective Radke did not indicate whether Petitioner responded to the officers questions.

Initially, the Court notes that even assuming Petitioner was compelled to tell officers that he had a roommate, where his computer was located, and the layout of his home, none of these statements were incriminating. In fact, Petitioner's defense at trial was that the child pornography belonged to his roommate. Moreover, a search warrant had been obtained to search the home prior to Petitioner making the statements, and Detective Radke had raised the issue of a possible roommate. Thus, when the search was performed of the home, it was inevitable that the officers would discover that someone else resided at Petitioner's home and would find Petitioner's computer, which was in plain view in his office. In sum, assuming Petitioner was compelled to make statements, a finding not made

by this Court, he did not make any incriminating statements, and regardless, the evidence would have been found during the search of Petitioner's residence. Petitioner, therefore, has failed to demonstrate that counsel was deficient for failing to move to suppress evidence on this basis or that he was prejudiced as a result. Accordingly, Petitioner has not established cause or prejudice to overcome his procedural default of claim one and claims one through four are procedurally barred and otherwise without merit and claim five (a) is denied pursuant to *Strickland*.

### B. Claim Five

Petitioner asserts that counsel rendered ineffective assistance by failing to (1) move to suppress evidence based on his compelled statements during the joint administrative and criminal proceeding, (2) use peremptory challenges to excuse jurors Birencwaig, Fuller, Stokes, and Stevens (3) move for a mistrial or request the use of an alternate juror after juror Malaykhan was observed sleeping, (4) impeach Special Agent Wash, and (5) properly examine defense witness Christopher Atcachunas. The first portion of claim five was addressed *supra*. The Court will address the remaining four contentions hereinafter.

Petitioner maintains that jurors Birencwaig and Fuller were potentially biased because they indicated on the jury questionnaire that they could not be objective in a child pornography case and indicated they were either sexually abused as a child or had a family member and friend who were raped as children. Petitioner also notes that counsel had no objections to alternate jurors Stokes and Stevens although he fails to state why counsel should have challenged them. (Doc. No. 13 at 27.)

7

Petitioner has failed to demonstrate that counsel was deficient for failing to exercise peremptory challenges against these jurors. Juror Birencwaig indicated that she had been touched by a babysitter as a child, but she stated that the incident would not interfere with her ability to be a juror in this case. (Criminal Case Doc. No. 128 at 134.) Likewise, juror Fuller told the Court that a member of her family and a friend had been raped as children. *Id.* at 232. Nevertheless, she said that she could put those events from her mind in considering the instant case. *Id.* There is no evidence that jurors Birencwaig, Fuller, Stokes, or Stevens were partial or biased. Moreover, Petitioner was present during voir dire and never voiced any disagreement with counsel's failure to peremptorily challenge these jurors. Petitioner, therefore, has not demonstrated either deficient performance or prejudice in relation to this claim.

Petitioner also has not established that he was prejudiced by counsel's failure to move for a mistrial or request the dismissal of juror Malaykhan. The Court observed juror Malaykhan with her eyes closed on two occasions at which time the Court took recesses and informed the parties of such. (Criminal Case Doc. No. 129 at 98; Doc. No. 130 at 122-23.) Both instances were brief in duration, and there is no indication that juror Malaykhan did not hear the testimony presented. Had counsel moved for a mistrial, the motion would have been denied. Although an alternate could have replaced juror Malaykhan, Petitioner has not established that a reasonable probability exists that the outcome of the trial would have been different had counsel moved to do so. Accordingly, this portion of claim five is denied.

Petitioner next contends that counsel failed to impeach Special Agent Wash. Specifically, Petitioner argues that counsel should have impeached Special Agent Wash's trial testimony that he used the postal service to determine that Petitioner lived alone, which contradicted his testimony at the suppression hearing that did not use the postal service to confirm who lived at the home.

At the suppression hearing, Special Agent Wash responded negatively when asked if he spoke to the mailman to see if anyone other than Petitioner was receiving mail at the home. (Criminal Case Doc. No. 126 at 32.) Special Agent Wash testified that he checked to determine if Petitioner had a roommate before the search and found no information indicating he did. *Id.* at 51. At trial, Special Agent Wash testified that he checked with the postal service database prior to the search to determine who lived at the house. (Criminal Case Doc. No. 129 at 79.) Special Agent Wash also stated that he did not learn that Petitioner rented a room to Matthew Morrison until after the search was conducted. *Id.* at 104.

Special Agent Wash's testimony at the suppression hearing and the trial were not contradictory. At the suppression hearing, he denied speaking with the postman to determine who received mail at the residence. In contrast, Special Agent Wash testified at trial that he did utilize the postal service database to determine who lived in the residence. Additionally, Special Agent Wash consistently testified that he did not know prior to the search that Petitioner had a roommate. Counsel, therefore, was not deficient for failing to impeach Special Agent Wash. Moreover, in light of the evidence presented, no reasonable

probability exists that the outcome of the trial would have been different had counsel attempted to impeach Special Agent Wash. Thus, this portion of claim five is denied.

Petitioner asserts that counsel failed to properly examine defense witness Christopher Atcachunas, who testified that he and Petitioner were at a bar in Orlando on June 15, 2007, until the bar closed. In support of this claim, Petitioner argues that counsel should have presented evidence to establish that Orlando bars must close at 2:00 a.m. pursuant to city ordinance.

At trial, Atcachunas testified that he and Petitioner went to a bar in downtown Orlando on June 15, 2007, and did not leave until approximately 2:00 a.m. when it closed. (Criminal Case Doc. No. 130 at 181-84.) Petitioner also testified that he was with Atcachunas until approximately 2:00 a.m. *Id.* at 105. The jury, therefore, heard evidence that Petitioner and Atcachunas were together until the bar closed around 2:00 a.m. Thus, no reasonable probability exists that the outcome of the trial would have been different if counsel had attempted to present evidence that city ordinance requires Orlando bars to close at 2:00 a.m. Accordingly, claim five is denied.

C. *Claim Six*

Petitioner contends that counsel rendered ineffective assistance on appeal by failing to argue that (1) Petitioner's right against self-incrimination was violated, and (2) the evidence was insufficient to support the verdict.

With respect to Petitioner's first contention, as discussed in claim one, Petitioner's right against self-incrimination was not violated. Petitioner did not make any

incriminating statements prior to the search of his home. Additionally, law enforcement would have discovered evidence that Petitioner had a roommate even in the absence of his purported statements to law enforcement. Moreover, the matter was never raised in the trial court and thus would have been subject to review for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). For all these reasons, no reasonable probability exists that the outcome of the appeal would have been different if appellate counsel had raised this issue.

Likewise, Petitioner has not demonstrated that prejudice resulted from appellate counsel's failure to argue that the evidence was insufficient to support the conviction. The evidence presented at trial included evidence that Petitioner's computer had child pornography on it, Petitioner subscribed and paid for access to an internet site from which child pornography was accessed via a Pay-Pal account linked to his credit card, and a CD containing child pornography was found in a DVD-player in Petitioner's bedroom. The evidence, therefore, was sufficient to support the verdict. Accordingly, appellate counsel was not ineffective for failing to raise these issues on appeal.

### D. Claim Seven

Petitioner asserts that the cumulative errors deprived him of a fair trial. Petitioner relies on the aforementioned claims to support the instant claim.

The Eleventh Circuit Court of Appeals has recognized that in reviewing a habeas petition, "[a] piecemeal review of each incident does not end our inquiry. We must consider the cumulative effect of these incidents and determine whether, viewing the trial

11

as a whole, appellants received a fair trial as is their due under our Constitution." *United States v. Blasco*, 702 F.2d 1315, 1329 (11th Cir. 1983). Nevertheless, "the Eleventh Circuit has never expressly recognized a freestanding 'cumulative effect' claim, based upon the assertion that alleged errors of the trial court, defense counsel, or the State, or a combination thereof, rendered the trial fundamentally unfair even though such errors were individually harmless or non-prejudicial...." *Purifoy v. Tucker*, No. 3:10cv312/LAC/EMT, 2012 WL 1933769, 26 (N.D. Fla. May 3, 2012). Thus, "cumulative error analysis should evaluate only matters determined to be in error, not the cumulative effect of non-errors." *Id.* (citing *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004)); *see also United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) ("[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."). Consequently, Petitioner must demonstrate error with respect to at least two of his individual claims. *Id.* at 27.

After reviewing Petitioner's claims collectively, the Court concludes that Petitioner's "trial, as a whole, was [not] fundamentally unfair and outside the bounds of the Constitution." *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004). Petitioner has not demonstrated any constitutional error. Accordingly, claim seven is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby ORDERED AND ADJUDGED:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant

to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:09-cr-82-Orl-28DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 142) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this _10_ day of February, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 2/8
Sean Peters
Counsel of Record

---

[4] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.